FILED
OCT - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

VAN MARCH, #10827-007
FCI - Cumberland
P.O.B 1000
Cumberland, MD 21501
vs
Petitioner,

DISTRICT OF COLUMBIA BOARD OF PAROLE,

Respondant.

CASE NUMBER 1:06CV01726

JUDGE: Unassigned

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 10/06/2006

...oooOOOooo... WRIT OF H.C.

**MOTION TO HAVE WARRANT CANCELLED
PURSUANT TO 28 U.S.C. § 2241**

COMES NOW, Van March, Petitioner, pro se, respectfully request this Honorable Court to grant a writ of habeas corpus directing the District of Columbia Board of Parole to withdraw a parole violation warrant lodged as a detainer against him at the Federal Correctional Institution, Cumberland, Maryland.

Petitioner, an inmate at the Federal Correctional Institution at Cumberland, Maryland, seeks a writ of habeas corpus directing the District of Columbia Board of Parole to withdraw a parole violation warrant lodged as a detainer against him at the Federal Correctional Institution (FCI). Petitioner contends that the Board lacks jurisdiction to execute its warrant and that its decision to maintain the warrant as a detainer without affording plaintiff a parole revocation hearing violates Petitioner's right to due process of law under the Fifth Amendment to the United States Constitution.

The facts should not be in dispute.

RECEIVED
AUG 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STATEMENT OF FACTS

Petitioner was convicted of CPWOL/Robbery/Burglary II by the D.C. Superior Court for the District of Columbia. Petitioner, Van March, SSN# 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, DCDC# 154-644, PDID# 199569, DOB: 07/03/1948. Petitioner was paroled on November 6, 1991, from the CCC #4, and placed under the supervision of the D.C. Board of Parole. While on parole, plaintiff was convicted of assault with a dangerous weapon, DC Code 22-502, in case # F-4845-98, in the District of Columbia Superior Court in violation of parole condition #5 (Code 505, D.C. Codes). The violation (offense) took place on July 4, 1998, and the conviction for the offense was on January 12, 1999. Petitioner is serving time for this offense at this present time. A sentence of incarceration of nine (9) years was imposed, currently being served at FCI, Cumberland, Maryland.

The D.C. Board of Parole then issued a warrant, citing the District of Columbia conviction as evidence that Petitioner had violated his parole, and lodged it as a detainer at Greensville Correctional Facility, Jarratt, Virginia, on November 29, 2001. Petitioner's parole has not yet been revoked, nor has he received a hearing on such revocation. Instead, the Board of Parole has expressed its intention of waiting until Petitioner has served out his entire nine-year sentence before deciding whether or not to revoke his parole.

JURISDICTION

Under recent Supreme Court decisions, Petitioner may challenge the legality of a detainer lodged against him even though the lifting of that detainer would not thereby secure his immediate release from

2

prison.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1128, 35 L.Ed.2d 443 (1973); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 30 L.Ed.2d 426 (1968).

Jurisdiction exists in this Court because the D.C. Board of Parole, which assumed custodial authority over Petitioner by lodging the detainer, is located in the District of Columbia; and venue is proper not only because the Board is the custodian most concerned with the legality of its own detainer but also because the alleged parole vilations and the resulting judicial proceedings all occurred within the D.C. metropolitan area.  See Braden v. 30th Judicial Circuit Court of Kentucky, supra.  Herein, the claim is a Fifth Amendment violation.

ARGUMENT

If Petitioner claims that defendant lost jurisdiction to revoke his parole when it surrendered him to Virginia and federal warrants, it is clearly without merit.  It is firmly established that a parole board secures its jurisdiction over a parolee by issuing a violation warrant before the date of parole expiration, and that such jurisdiction is not lost simply because the board chooses to delay revoking parole until an intervening criminal sentence has been fully served.  See Shelton v. united States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967).

ON THE OTHER HAND, Petitioner's due process claim raises a substantial Constitutional question.  It has long been recognized in this Circuit that "the issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch."  See Shelton v.

United States Board of Parole, supra, at 574. See also Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963). A prompt revocation hearing is essential because delay may result in the loss of essential witnesses or documentary evidence and the continuation of un-necessary incarceration or other limitations on personal liberty.

In 1967, the United States Court of Appeals for the District of Columbia Circuit exempted from this requirement of a prompt revocation hearing all warrants citing a criminal conviction as the reason for revocation, declaring that no hearing at all is required in such cases because the fact of violation has already been established by a court. See Shelton v. United States Board of Parole, supra, 388 F.2d at 573. However, that decision misconceives the duties of the Parole Board and permits the imposition of substantial deprivations without due process of law.

The D.C. Board of Parole, like the United States Parole Board under discussion in Shelton, retains full discretion to place a parolee back on the street even though he has clearly violated the conditions of his parole. See D.C. Code § 24-206; 18 U.S.C. § 4207. The Board must consider mitigating circumstances and rehabilitative potential as well as the existence of parole violations before determining that reincarceration is appropriate. Cf. United States ex rel. Hitchcock v. Kenton, 256 F.Supp. 296 (D.Conn. 1966).

Thus, a revocation hearing to adduce evidence on these matters is of vital importance even to a parolee whose parole violation has already been established by a court of law. Moreover, delay in holding the hearing could substantially prejudice such a parolee. not only

might mitigating evidence be <u>lost during the years of intervening</u> incarceration, See Jenkins v. United States, 337 F.Supp. 1368 (D. Conn. 1972), but the parolee could be arbitrarily deprived of the opportunity to have his reincarceration, if ordered, run concurrently with the remainder of his intervening sentence. The maintenance of a detainer against an inmate whose parole will never actually be revoked has other undesirable effects, triggering an unnecessary loss of prison privileges and hampering rehabilitation by placing the parolee's future into a state of prolonged uncertainty.

In light of these considerations, the Court may hold that Petitioner has a right to a prompt parole revocation hearing on the contested warrant. See Shelton, No longer requires a contrary result, because it has been effectively overruled by the Supreme Court's decison in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2503, 33 L.Ed.2d 484 (1972), which held that the Fifth Amendment requires not only a prompt revocation hearing but also an earlier preliminary hearing "near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." Id. at 485, 92 S.Ct. at 2602. While the petitioners in Morrissey had not been convicted of crimes while on parole, the language in that decision is broad enough to encompass such parolees. The Court stressed the importance of the revocation hearing as a forum for the issues other than the simple fact of parole violation, Id. at 479-480, 488, 92 S.Ct. 2593, and stated that the hearing could be simplified by barring evidence on the parole violation itself if such violation had previously been established by a criminal conviction. Id. at 490, S.Ct. 2593.

The clear import of these comments is that a conviction during parole may alter the content of the revocation hearing, but it does not dispense with the requirement that such a hearing be promptly held. <u>See</u> Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In fact, at least one court has held that a convicted parolee has a right under <u>Morrissey</u> to a preliminary as well as a final revocation hearing, even though the former proceeding is narrowly confined to establishing the existence of a parole violation. <u>See</u>, In re La Croix, 108 Cal.Rptr. 93 (Cal.App. 1973).

Because more than six months passed from the January 13, 1999, revocation of parole for the parole violation based on the January 12, 1999 conviction, to the D.C. Board's November 29, 2001 parole hearing it is now too late for defendant to cure its error by affording plaintiff a timely revocation hearing. The Federal Courts have indicated that an unjustified delay of more than three months in providing a parole revocation hearing requires the issuance of a writ of habeas corpus releasing the parolee from the Parole Board's custody. <u>See</u> Marchand v. Director, U.S. Probation Office, 421 F.2d 331, 335 n.5 (1st Cir. 1970). <u>See</u> Exhibits, 1/13/99 Warrant, 10/17/01 Firt Hearing on Current Offense.

CONCLUSION

Wherefore, Petitioner request this Honorable Court to direct the defendant to cancel its warrant for parole violation against him, and to direct the authorities at the Federal Correctional Institution, Cumberland, Maryland to withdraw that warrant from Petitioner's file. RESPECTFULLY SUBMITTED this 22 day, August, 2006.

*Van March*

Van March, pro se
Reg. No. 10827-007

# DISTRICT OF COLUMBIA BOARD OF PAROLE




**WARRANT**

NUMBER: P-34706-99

TO: Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process

RE: NAME : MARCH, VAN LAWRENCE
    ALIAS: MARCH, VAN R
           "HOEA" "HOSI", "JOSE"

SSN# 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
DCDC# 154-644
PDID# 199569
FBI# 644141F
DOB: 07/03/1948
SEX: MALE
RACE: BLACK
EYES: BROWN
HAIR: BLACK
HEIGHT: 5 ft 9 in
WEIGHT: 152 lbs
COMPLEXION: DARK

DISTINGUISHING MARKS:

SENTENCE TYPE: ADULT

PAROLE OFFICER: MILLS, DARA

LAST KNOWN ADDRESS: 10507 BROADLEAF DR., LARGO, MD 20774 PG

SUBJECT'S LOCATION: At large_____ Confined in __D.C. Jail_____

Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of CPWOL/ Robbery / Burglary II and was on the 6th of November, 1991 released on parole from the CCC #4, And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT. PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE. IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.

WITNESS my hand and the seal of this Board this  13th           day of  January, 1999

_____
Member, D.C. Board of Parole

06 1726
**FILED**
OCT - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

* FYCA case ONLY: This warrant expires at 12:01 a.m. on _____, 19_____ and the person named MUST NOT be held beyond that time.

EXHIBIT 1

U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

Notice of Action

| | |
|---|---|
| Name: MARCH, Van | Institution: Raleigh CCM |
| Register Number: 10827-007 | Greensville Correctional facility |
| DCDC No: 154-644 | Date:     November 29, 2001 |

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue to a Three-Year Reconsideration Hearing in October 2004, after the service of 36 months from your hearing date of October 17, 2001.

REASONS:

Your Total Guideline Range is 72-96 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 34 months as of October 17, 2001.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA  
       CSS Data Management Group  
       D.C. Court Services & Offender Supervision Agency  
       300 Indiana Avenue, N.W., Suite 2149  
       Washington, D.C. 20001

EXHIBIT 2

MARCH 10827-007                                -1-                                   Clerk:   VAH

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**   **Salient Factor Score (SFS-98) Item Explanations**

0       A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0       B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1       C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

1       D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0       E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

1       F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

3       **Salient Factor Score (SFS-98)** (sum of points for A-F above)


## BASE POINT SCORE

**Your Pts**   **Base Point Score Category Explanations**

3       I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

4       II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

1       III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

8       **Base Point Score** (sum I-III above)

EXHIBIT #

## DISCIPLINARY GUIDELINES

Not Applicable

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

Not Applicable

## TOTAL GUIDELINE RANGE

    **72 — 96**  Base Point Score Guideline Range
    **36 — 36**  Months Required to Serve to Parole Eligibility Date
      **0 — 0**  Disciplinary Guideline Range (if applicable)
less  **0 — 0**  Superior Program Achievement Award (if applicable)

  **108 – 132**  **Total Guideline Range**

| Base Point Score Guideline Range ||  Points For SFS Item C ||||
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments |||
| | | | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |

# D.C. Adult Initial Hearing Worksheet
## Guideline Summary

Name: Mack, Von          Reg. No.: 10827-007

Institution: Greensville         Hearing Date: 10-17-01

1. __72 - 96__ Base Point Score Guideline Range

2. __36 - 36__ Months to Eligibility *(Enter same number on both lines)*

3. __0 - 0__ Disciplinary Guidelines *(If none, enter "0" on both lines)*

4. __108 - 132__ Subtotal *(Items 1 through 3)*

5. __0 - 0__ Superior Program Achievement *(If none, enter "0" on both lines)*

6. __108 - 132__ Total Guideline Range *(Subtract Item 5 from Item 4)*

You have been in confinement as a result of your current offense behavior for a total of __33__ months as of __9/27/01__ (date)
__34__           __10-17-01 KAP__

After review of all relevant factors and information presented, *(check one of the following:)*

__X__ a decision outside the Total Guideline Range at this consideration is not found warranted.

____ a decision **above** the Total Guideline Range is warranted because *(dictate in summary)*

____ a decision **below** the Total Guideline Range is warranted because *(dictate in summary)*

**Executive Hearing Examiner's Note to Data Technician:**

☐ Copy reasons from addendum *(instead of hearing summary).*

| Base Point Score | Base Guideline Range |
|---|---|
| 3 or less | 0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 136-172 months |

**Examiner's Initials:**

Primary: _____

Secondary: KAP

EXHIBIT 5

Page 1 of 4

U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: MARCH, Van  
Register Number: 10827-007  
DCDC No: 154-644

Institution : Cumberland FCI

Date : June 30, 2006

As a result of the hearing conducted on June 12, 2006 the following action was ordered:

Deny parole. Continue to expiration on the current sentence after service of 108 months. Execute the violator warrant at expiration of the current term. Continue to a Three-Year Reconsideration Hearing on the violator term in June 2009.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS**:

Your Current Total Guideline Range is 108-132 month(s). See the attached sheet for the components that make up your Current Total Guideline Range. These components are your Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 89 months as of June 11, 2006.

After consideration of all factors and information presented, a decision outside the Current Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:   CSS Data Management Group  
      D.C. Court Services & Offender Supervision Agency  
      300 Indiana Avenue, N.W., Suite 2070  
      Washington, D.C. 20001

**EXHIBIT 6**

March 10827-007  
Queued: 06-30-2006 09:16:52 BOP-Cumberland FCI

-1-

Clerk: SRM

## DISCIPLINARY GUIDELINES

Not Applicable

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

Not Applicable

## CURRENT TOTAL GUIDELINE RANGE

    **8** ---- Base Point Score

   72---96  Base Point Score Guideline Range
   36---36  Months Required to Serve to Parole Eligibility Date
    0---- 0  Disciplinary Guideline Range (before last hearing)
less  0---- 0  Superior Program Achievement Award (before last hearing)
  108 - 132  Previous Guideline Range Conversion

    0---- 0  Disciplinary Guideline Range
less  0---- 0  Superior Program Achievement Award (if applicable)

  108 - 132  Current Total Guideline Range

| Base Point Score Guideline Range ||
|---|---|
| Score | Guideline Range |
| 3 or less | 0 months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-172 months |

EXHIBIT 7



(INI-S-B)

&lt;SUMCODE-DCINIADN_SUM&gt;

## D.C. ADULT INITIAL HEARING SUMMARY
(INITIAL HEARINGS AFTER 1/2/01 AND CASES ELIGIBLE FOR
(RETROACTIVE CONVERSION TO PRESUMPTIVE DATE PROCEDURES)

**Offense of Conviction - Assault with a Deadly Weapon**

| | |
|---|---|
| Name | :MARCH, Van |
| Reg. No | :10827-007 |
| Hearing Date | :10/17/2001 |
| Institution | :Greensville Corr. Facility |
| Hearing Examiner | :Charles J. Lyons |

**Prisoner's Statement:** The subject stated he understood the SFS, Base Point Score and the presumptive format.

In regard to the instant offense subject stated that he did not do anything. Subject was point blank and straight forward and could not account for how the victim received his injuries. The subject denies the whole situation.

## Institutional Factors

### Discipline:

Subject has no disciplinary reports or adverse actions.

### Program Achievement:

Subject has done very little since he's been incarcerated on the instant offense. He only has attended AA and he is presently involved in Anger Management.

### Release Plans:

If parole is granted, subject will have to be paroled to his DC Parole Board detainer.

**Representative and Representative's Statement:** None.

## Guideline Parameters

**SFS:** 3

**Base Point Score:**   8

(INI-S-B)

72-76    Base Guideline Range
36       Months Required to Serve to PE Date
0        Disciplinary Guideline Range
0        Superior Program Achievement Award
108-132  Total Guideline Range

**Modifications to Prehearing:** None.

## Overall Evaluation and Recommendation

**Evaluation:**

It should be noted that subject agrees with the SFS in that he has incurred over five convictions and five commitments. In addition, this examiner agrees with adding 1 point under Category III based on the fact that the subject beat the victim with a car club to un-conscientiousness. It is the presumption that subject could of went into a coma and eventually lost his life. One can view his behavior as an attempted murder.

Subject has accepted no responsibility for his involvement in the instant offense. Subject appears to want to be in role of the victim in this case, he clearly states that he did not commit this offense and does not know anything about the victim.

**Recommendation:**

Based on the guidelines in this case, this examiner will recommend that we continue this case for a Reconsideration Hearing in October 2004 after the service of 36 months from his hearing date of 10/17/2001.

It should be noted that subject is entitled to a Statutory Interim Hearing in October 2003.

PAH
October 30, 2001

# D.C. Adult Initial Hearing Worksheet
## Salient Factor Score

Name: _Mack, (?)_  Reg. No. _10822-007_

_at least 5 or more_

**Item**

**A**  Prior Convictions/Adjudications (Adult or Juvenile) .............  [ 0 ]

None = 3;  One = 2;  Two or Three = 1;  Four or More = 0

**B**  Prior Commitment(s) of More Than 30 Days (Adult or Juvenile) ...  [ 0 ]

None = 2;  One or Two = 1;  Three or More = 0

**C**  Age at Current Offense/Prior Commitments ....................  [ 1 ]

| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| | Five or more commitments | = 1 |
| 22 - 25 years | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| | Five or more commitments | = 0 |
| 20 - 21 years | Three or fewer prior commitments | = 1 |
| | Four prior commitments | = 0 |
| 19 years or less | Any number of prior commitments | = 0 |

_1964 Assault_
_1971 AWITC Rob._
_Homicide_
_1975 Rob._
_Probat: ADW_

**D**  Recent Commitment Free Period (Three Years) .._12/6/91_......  [ 1 ]

_last release_

No prior commitment of more than 30 days (adult or juvenile) or released to
the community from last such commitment at least 3 years
prior to the commencement of the current offense = 1; Otherwise = 0.

**E**  Probation/Parole/Confinement/Escape Status Violator This Time ..  [ 0 ]

_Enachure Sup(?)_

Neither on probation, parole, confinement or escape status at the
time of the current offense; nor committed as a probation, parole,
confinement, or escape status violator this time = 1; Otherwise = 0.

**F**  Older Offenders .........................................  [ 1 ]

If the offender was 41 years of age or more at the commencement
of the current offense (and the total score from Items A-E above is
9 or less) = 1; Otherwise = 0.

**TOTAL SCORE** ............................................  [ 3 ]

EXHIBIT 10

Page 3 of 4

# D.C. Adult Initial Hearing Worksheet
## Base Point Score

Name: _March, Ore(?)_    Reg. No. _10827-007_

**Category I - Risk of Recidivism (Salient Factor Score)** .................... ⌐3⌐

| SFS | Risk Category | Points |
|-----|---------------|--------|
| 10-8 | Very Good Risk | +0 |
| 7-6 | Good Risk | +1 |
| 5-4 | Fair Risk | +2 |
| 3-0 | Poor Risk | +3 |

**Category II - Current or Prior Violence** ............................. ⌐4⌐

*Note: Use the highest applicable subcategory.*

Violence in current offense and any felony violence in two or more prior offenses — **(+4)**

Violence in current offense and any felony violence in one prior offense — +3

Violence in current offense — +2

No violence in current offense and any felony violence in two or more prior offenses — +2

Possession of firearm in current offense if current offense is not scored as a crime of violence — +2

No violence in current offense and any felony violence in one prior offense — +1

None of the above — +0

**Category III - Death a Victim or High Level Violence (Type of Risk)** ....... ⌐1⌐

*Note: Use the highest applicable subcategory.*

Current offense was high level or other violence with death of victim resulting — +3

Current offense involved attempted murder or violence in which death of the victim would have been the probable result — +2

Current offense was high level violence (other than homicide or attempted murder) — **(+1)**

None of the above — +0

**Base Point Score (Total of Categories I through III)** ..................... ⌐8⌐

EXHIBIT 11

U.S. Department of Justice
U.S. Parole Commission

10827-007

## ORDER

PC005257

Name ___Mail, Van___

Register Number ___10827-007___  Institution ___Greenville___

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Continue for a reconsideration hearing in 10/2004 after service of 36 months from your hearing date of 10-17-01

_K.A. Skinner_ 11-19-01
_M Gaines_ 11-27-01
_Jm R. Simpson_ 11/27/2001

Date ___10-17-01___

Date _____

(Date Notice sent)           (Region-specify)

National Appeals Board _____ (check)

National Commissioners _____ (check)

Full Commission _____ (check)

PAROLE FORM H-4
APR 8

EXHIBIT 12